OPINION
{¶ 1} Defendant-appellant, Leland Owens, appeals from the April 30, 2003 judgment entry of the Franklin County Court of Common Pleas, finding him guilty of aggravated possession of drugs and trafficking in marijuana and sentencing appellant to an aggregate term of 17 months and suspending his driver's license for two years without work privileges. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On January 11, 2002, appellant was indicted on one count of aggravated possession of drugs in violation of R.C.2925.11 and one count of trafficking in marijuana in violation of R.C. 2925.03. On December 13, 2002, a jury trial began in which appellant did not testify. At trial, the following facts were elicited from Columbus Police Officers Greg Seevers and Jason Ayers.
 {¶ 3} On October 20, 2001, Officers Seevers and Ayers were patrolling the parking lot of Kelly's Carryout located at 1521 North 4th Street in the Short North district of Columbus, Ohio. Officer Seevers testified:
I observed the defendant, Mr. Owens, and another individual who walked up to [a] car on the driver's side and a hand came out of the car and Mr. Owens reached into his pocket and pulled something out. And I did not know what it was but he put it inside that person's hand, but I did not see anything drop, and then I saw Mr. Owens put his hand back into his pocket * * *.
(Tr. 19.)
 {¶ 4} Officer Ayers testified that he approached appellant and asked appellant if he had any contraband in his possession. Appellant responded that "he had some `weed.'" (Tr. 30.) Upon searching appellant, Officer Ayers "found 12 individually packaged bags of marijuana in [appellant's] left jacket pocket, and * * * a bag containing a white substance that [Officer Ayers] thought was probably cocaine." (Tr. 31.) After Officer Ayers retrieved the contraband, he showed appellant what he retrieved from appellant's pocket. Officer Ayers testified that appellant responded that the baggie of white substance was baking soda and that he "only sells weed." (Tr. 31.) Officer Ayers placed appellant under arrest.
 {¶ 5} On December 13, 2002, the jury returned guilty verdicts on both counts of the indictment. On April 29, 2003, appellant was sentenced to 17 months incarceration. Furthermore, appellant's driving privileges were suspended for two years without work privileges and appellant was also ordered to pay $1,500 in costs and fees. It is from the April 30, 2003 judgment entry that appellant appeals, assigning the following sole assignment of error:
The trial court erred and deprived appellant of due process of law as guaranteed by the fourteenth amendment to the united states constitution and article one section ten of the ohio constitution by finding appellant guilty of aggravated trafficking in marijuana as that verdict was not supported by sufficient evidence and was also against the manifest weight of the evidence.
 {¶ 6} In his sole assignment of error, appellant challenges the sufficiency and weight of the evidence to support his conviction of aggravated possession of drugs and trafficking in marijuana. Our review of the record reveals, however, that appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.
 {¶ 7} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, syllabus paragraph two, following Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, at 387.
 {¶ 8} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. Thompkins, at 387. In so doing, the court of appeals, sits as a "`thirteenth juror'" and, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. (quoting State v. Martin [1983],20 Ohio App.3d 172, 175); see, also, Columbus v. Henry (1995),105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, at 387.
 {¶ 9} Here, appellant was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A), which states that:
No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 10} Appellant was also convicted of trafficking in marijuana in violation of R.C. 2925.03(A)(2), which provides:
No person shall knowingly * * *
(2) * * * Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.
 {¶ 11} Appellant contends that the evidence was insufficient and that his conviction was against the manifest weight of the evidence because there was a lack of evidence that he engaged in trafficking of marijuana. Appellant's contention is unpersuasive.
 {¶ 12} Officer Seevers testified that both he and Officer Ayers were active in the Short North district due to the numerous complaints they received from the owner of Kelly's Carryout about juveniles loitering, and engaging in drug activity and other criminal acts. As a result, they frequently patrolled the parking lot of the carryout. Based on Officer Seevers' observations of appellant and based on his experience as a police officer, Seevers concluded that the actions of appellant were that of a narcotics transaction and that appellant had committed a crime. (Tr. 16, 24, 25, 26.) Officer Seevers testified that when appellant saw the officers approaching him, appellant turned around and proceeded to walk in the other direction. (Tr. 19.) Furthermore, Officer Ayers testified that after he retrieved the contraband from appellant's left front pocket of his jacket, he showed the packages to appellant. When Officer Ayers asked appellant about the baggie of white substance, appellant responded that the substance was baking soda and that he only sold weed. (Tr. 31.)
 {¶ 13} The evidence was sufficient to support appellant's conviction for trafficking in marijuana and not against the manifest weight of the evidence where (1) appellant's conduct prior to his arrest raised suspicion of criminal activity; (2) where 12 individually packaged bags of marijuana where prepared as if for sale on the street; and (3) where appellant admitted to the officer to selling marijuana. See State v. Earle (1997),120 Ohio App.3d 457; State v. Lang (1996), 117 Ohio App.3d 29.
 {¶ 14} Therefore, we find that there was sufficient evidence to support appellant's conviction for aggravated possession of drugs and trafficking in marijuana. Moreover, we further find that such a conviction is not against the manifest weight of the evidence. As a result, appellant's sole assignment of error is not well-taken and is overruled.
 {¶ 15} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Brown, JJ., concur.